IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTHONY JAMES PHILLIPS,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

CIVIL ACTION NO.: 6:25-cv-039

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 20, 2025, Report and Recommendation, (doc. 9), to which plaintiff objected, (doc. 11). As the Report and Recommendation recites, Phillips filed this case for monetary damages, pursuant to 42 U.S.C. § 1983, resulting from a violent attack by other inmates at Rogers State Prison. (Doc. 9, p. 2.) The Magistrate Judge explained that the Georgia Department of Corrections is not a person subject to suit and, to the extent that any proper defendant might be identified to assert a claim against the Department, it would be immune under the Constitution's Eleventh Amendment. (Id., p. 4.) He then considered the viability of various theories of liability under § 1983 and concluded that Phillips did not, and likely could not, state any such claim based on the facts alleged. (Id., pp. 4-9.) Phillips does not object to the Magistrate Judge's correct observation that no claim could be asserted against the Georgia Department of Corrections. (See generally doc. 11.) The Magistrate Judge's recommendation that any claims asserted against the

Department be dismissed is, therefore, **ADOPTED**.  (Doc. 9, in part.)  Phillips' objections to the remaining claims are discussed below.

Phillips' Complaint alleges that his assailants were able to attack him because the windows into the shower area in his dorm were painted over.  (See doc. 1, pp. 5, 7.)  The Magistrate Judge considered whether that allegation could state a § 1983 claim based on the allegedly unsafe condition that resulted.  (Doc. 9, p. 4-5.)  He explained that, because the painted windows were not an objectively serious condition and, even if they could be, Phillips did not allege any defendant's subjective deliberate indifference to that condition, Phillips failed to allege the required elements of such a claim.  (Id.)  His objection asserts that, because he was attacked, the painted windows created an objectively serious condition and that Defendant Byrd, the Deputy Warden of Security, was deliberately indifferent to the risk created "because she is highly trained in security issues."  (Doc. 11, p. 2-3.)  The Magistrate Judge's conclusion that the painted windows were not "objectively serious," was clearly not a determination either that their condition was not a contributing factor to Phillip's assault or that his assault was not "serious."  (Doc. 9, pp. 4-5.)  The Magistrate Judge recognized, correctly, that not every unsafe condition in a prison violates the Eighth Amendment's prohibition on cruel and unusual punishment.  (Id. at 5 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Moreover, neither Defendant Byrd's failure to address the condition nor her training is sufficient to allege that she was "actually aware that [her] own conduct caused a substantial risk of serious harm to the plaintiff."  Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024).  Therefore, the Magistrate Judge's conclusion that Phillips failed to sufficiently allege either the objective or the subjective prong of a § 1983 conditions-of-

confinement claim was correct. (Doc. 9, p. 5.) To the extent that Phillips objects to that conclusion, his objection is **OVERRULED**. (Doc. 11, pp. 2-3.)

The Magistrate Judge next considered whether Phillips' Complaint stated any claim that any defendant failed to protect Phillips from the attack. (Doc. 9, pp. 5-7.) The Magistrate Judge explained that prison officials are only liable, under § 1983, for failing to intervene to stop specific and credible threats to an inmate posed by other inmates. (Id.) He concluded that, since Phillips did not allege any known and specific threat posed by his assailants, no defendant could be held liable for failing to protect him. (Id., p. 7.) Phillips' Objection does not engage with the applicable legal standard or the Magistrate Judge's analysis, it merely asserts that the painted windows, coupled with the general danger posed by other inmates, should be sufficient to state a claim. (Doc. 11, p. 3.) Given that Phillips neither identifies a specific and credible threat posed by his assailants nor any authority that such a threat is not required to state a claim, see, e.g., Brown v. Huges, 894 F.2d 1533, 1537 (11th Cir. 1990), his objection is **OVERRULED**. (Doc. 11, p. 3.)

The Magistrate Judge next considered whether Phillips' allegations concerning purported defects in the investigation of Phillips' assault could state an actionable claim. (See doc. 9, pp. 7-8.) The Magistrate Judge explained that the Prison Rape Elimination Act ("PREA") does not provide an independent cause of action and that, even if the requirements of the PREA were not observed, the failure would not violate any of Phillips' constitutional rights. (Id.) Finally, the Magistrate Judge explained that, if the investigation violated the prison's internal policies or procedures, such violations are not actionable in federal court. (Id., p. 8.) Phillips' Objection does not identify any defect in the Magistrate Judge's analysis. (See doc. 11, pp. 3-4.) He reiterates his objection to the quality of the investigation and suggests that criminal charges would be appropriate. (Id.) Assuming the truth of Phillips' allegations, the Court is sympathetic to his

3

complaints about the quality of the investigation. However, neither Phillips, as a private citizen, nor this Court is empowered to initiate criminal investigations or prosecutions, as such decisions are solely within the discretion of executive branch officers, whether state or federal. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973) (citations omitted). Phillips' objection is, therefore, **OVERRULED**. (Doc. 11, pp. 3-4.)

The next claim considered in the Report and Recommendation concerned Phillips' access to the courts because he was prevented from visiting the prison law library. (See doc. 9, pp. 8-9.) The Magistrate Judge explained that such a claim requires that the lack of access "must have frustrated or impeded [a plaintiff's] efforts to pursue a nonfrivolous legal claim." (Id., p. 9 (quoting Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)).) Phillips' objection attempts to argue that the defects identified by the Magistrate Judge could have been addressed if he had better access to legal materials and, therefore, he has been impeded in pursuing a claim. (Doc. 11, p. 4.) That argument fails. Impeding a pending lawsuit cannot constitute the "actual injury" required to state an access-to-courts claim. Cf. Al-Amin v. Smith, 511 F.3d 1317, 1332-33 (11th Cir. 2008) (discussing the "actual injury" required for an access-to-courts claim). To state a claim, all of the elements of the claim must obtain when the complaint is filed; in more technical terms, the claim must be "ripe," and any "actual injury" resulting from the disposition of this case could not have already occurred when it was filed. See, e.g., Carter v. Cummings, No. 16-cv-55-bbc, 2017 WL 519283, at *6 (W.D. Wis. Feb. 8, 2017) (citations omitted) ("[M]any courts have dismissed access to courts claims when the claim that the defendant allegedly frustrated is still being litigated," and collecting cases). Moreover, even assuming that interference with the instant claims could support an access-to-courts claim, the defects in Phillips' conditions-of-confinement

4

claim, discussed by the Magistrate Judge and above, would remain.  Since Phillips either fails to allege an "actual injury," or his access-to-courts claim is not ripe, his objection is **OVERRULED**. (Doc. 11, pp. 4-5.)

Finally, Phillips objects that the Magistrate Judge "omitted" his claim that his medical needs were disregarded after his attack.  (Doc. 11, pp. 4-5.)  The exact reference to the statement of the "claim" is not entirely clear.  (Id.)  His Objection alleges the disregard of his medical needs between December 20, 2024 and December 23, 2024.  (Doc. 11, p. 5.)  His Complaint alleges that he "tried" to report his assault on December 20 and 21, 2024.  (Doc. 1, p. 7.)  However, he does not clearly allege that he identified any particular medical issue on either of those dates.  He also does not identify the officers who he "tried" to notify.  (Id.)  Finally, he alleges that he was seen by an investigator on December 22, 2024 and someone, it is not clear who, conducted "a drug screen."  (Id., p. 7.)  Finally, he alleges he was "taken to medical," on December 23, 2024.  (Id.)  Even at that point, he does not identify a specific medical condition that he complained of to any of the officers mentioned.  (See id., pp. 5-7.)  There is certainly no reference to the "vision loss," or "stomach and intestinal pain," Phillips references in his Objection.  (Doc. 11, p. 5.)  Given the, charitably, ambiguous allegations, the Magistrate Judge did not err in omitting any discussion of such a claim.  Even if such a claim were asserted, however, it is clear that Phillips has not alleged sufficient facts to state such a claim.

"Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration."  Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991).  To establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious

5

medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The objective component to deliberate indifference in this context, see Wade, 106 F.4th at 1262, requires that plaintiff allege an objectively "serious medical need[–]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted). Second, a plaintiff must show that the defendants acted with deliberate indifference to his serious medical need by demonstrating that the defendants were subjectively aware that their own inaction caused a substantial risk of serious harm and that the defendants unreasonably disregarded that risk. Wade, 106 F.4th at 1262. If the defendants acted reasonably, they cannot be held liable under the Eighth Amendment. Id. Moreover, even if the defendants acted unreasonably and committed medical malpractice, that is insufficient to support a § 1983 claim. See, e.g., Harris, 941 F.2d at 1505 ("Mere incidents of [medical] negligence or malpractice to do rise to the level of constitutional violations.").

The most obvious omission from Phillips' allegations is the identification of any defendant with the specific subjective knowledge of his alleged medical conditions. (See generally docs. 1 & 11.) However, even if he had or could identify such a defendant, he has also failed to allege an objectively serious medical condition. While serious and persistent stomach and abdominal pain can be an objectively serious medical need, they often are not. See, e.g., Mullins v. Combelle, No. 7:22-cv-00013-HL-TQL, 2022 WL 22867318, at *2-*3 (M.D. Ga. Mar. 11, 2022) (allegation of "severe stomach pain," without more, did not state deliberate indifference claim). "Vision loss" is treated similarly. See, e.g., Harding v. Corr. Health Servs., No. 2:21-cv-00922 DB P, 2022 WL 4793994, at *4 (E.D. Cal. Oct. 3, 2022) ("Continued eye pain and vision loss can constitute a serious medical condition."). Finally, even assuming that those conditions might

support a deliberate indifference claim, if additional factual allegation confirmed their seriousness and a defendant could be identified with the requisite subjective knowledge, allegations in an objection are not properly considered as part of a plaintiff's pleadings.  See, e.g., Hart v. Ga. Dept. of Corrs., 1:24-cv-04814-SDG, 2025 WL 1682183, at *4 (N.D. Ga. June 16, 2025) ("[I]t is well settled that a plaintiff cannot amend the complaint through objections to an R&R . . ." (citation omitted)).  The Magistrate Judge expressly afforded Phillips an opportunity to file an amended pleading, (doc. 9, p. 9 n. 1), and Phillips did not do so.  Thus, based on the record before the Court, it is clear that Phillips has failed to state a claim for deliberate indifference to his serious medical needs.  To the extent that any such claim has even been properly asserted, it is **DISMISSED**.  28 U.S.C. § 1915A(b)(1).

In summary, all of Phillips' objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.  (Doc. 11.)  The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented by this Order.  (Doc. 9); see also, e.g., 28 U.S.C. § 636(b) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  Thus, Plaintiff's Complaint is **DISMISSED**. (Doc. 1.)  The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 12th day of September, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA